[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 12, 2006
THOMAS K. KAHN
CLERK

No. 06-11279
Non-Argument Calendar
_____

Agency No. A96-021-639

XIN QIANG LI,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(September 12, 2006)**

Before DUBINA, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Petitioner Xin Qiang Li, a native and citizen of China, proceeding *pro se*,

seeks review of the Board of Immigration Appeals' ("BIA's") decision adopting

and affirming the Immigration Judge's ("IJ's") order denying his claim for asylum,

withholding of removal under the Immigration and Nationality Act ("INA") and the United Nations Convention Against Torture ("CAT"), 8 U.S.C. §§ 1158, 1231; 8 C.F.R. § 208.16(c).

On appeal, Li argues that his asylum application was not frivolous and that he testified honestly at his removal hearing. Li argues that he has a well-founded fear of future persecution because he practices Falun Gong and he fled China, thus, if he is removed to China it is more likely than not that he will be imprisoned and severely tortured by detention officers. Li asserts he is also entitled to relief under the CAT.

## I.

Where, as here, the BIA summarily affirms the IJ's decision without an opinion under 8 C.F.R. § 1003.1(e)(4), the IJ's decision becomes the final agency determination subject to review. *See Mendoza v. U. S. Att'y Gen.*, 327 F.3d 1283, 1284 n.1 (11th Cir. 2003).

Because the BIA both adopted the IJ's decision and made additional findings, we review both the BIA's decision and the IJ's decision. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). We review factual determinations, including credibility determinations, using the substantial evidence test. *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1286 (11th Cir. 2005). We will

2

affirm if the decision "is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* (citation and quotation marks omitted). We review the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision. *Id.* To conclude that the IJ or BIA should be reversed, we "must find that the record not only supports that conclusion, but compels it." *Fahim v. U.S. Att'y Gen.*, 278 F.3d 1216, 1218 (11th Cir. 2002) (citation and quotation marks omitted). "[T]he mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (*en banc*), *cert. denied*, 544 U.S. 1035 (2005). To the extent the IJ's or BIA's decision was based on a legal determination, review is *de novo*. *Mohammed v. Ashcroft*, 261 F.3d 1244, 1247-48 (11th Cir. 2001).

The IJ must make an explicit credibility determination. *Yang v. U.S. Att'y Gen.*, 418 F.3d 1198, 1201 (11th Cir. 2005). In this case, the IJ explicitly found Li's testimony not credible. "Once an adverse credibility finding is made, the burden is on the applicant alien to show that the IJ's [or BIA's] credibility decision was not supported by 'specific, cogent reasons' or was not based on substantial evidence." *Forgue*, 401 F.3d at 1287. "The trier of fact must determine credibility, and [we] may not substitute its judgment for that of the [IJ or] BIA with

3

respect to credibility findings." *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 818 (11th Cir. 2004). While some circuits have required the adverse credibility finding to go to the heart of the asylum claim, *see*, *e.g.*, *Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir. 2002) (persuasive authority); *see also Gui v. Immigration & Naturalization Serv.*, 280 F.3d 1217, 1225 (9th Cir. 2002) (persuasive authority), we have never adopted that test.

The REAL ID Act changed the credibility standard for applications made on or after May 11, 2005, setting out the following standard for determining credibility:

> Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record (including the reports of the Department of State on country conditions), and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor.

8 U.S.C. § 1158(b)(1)(B)(iii) (as amended by the REAL ID Act § 101(a)(3)); *see also* 8 U.S.C. § 1231(b)(3)(C) (making § 1158(b)(1)(B)(iii) applicable to

withholding of removal claims). This change is not applicable to Li because his application was filed on August 13, 2003.

An alien who arrives in or is present in the United States may apply for asylum. *See* INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Attorney General and the Secretary of Homeland Security have discretion to grant asylum if the alien meets the INA's definition of a "refugee." *See* INA § 208(b)(1), 8 U.S.C. § 1158(b)(1).

A "refugee" is:

> any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). The asylum applicant carries the burden of proving statutory "refugee" status. *See Al Najjar*, 257 F.3d at 1284.

An alien is entitled to asylum if he can establish, with specific and credible evidence: (1) past persecution on account of his membership in a particular social group or other statutorily listed factor, or (2) a "well-founded fear" that his membership in a particular social group or other statutorily listed factor will cause future persecution. 8 C.F.R. § 208.13(a)-(b); *Al Najjar*, 257 F.3d at 1287. If a

5

petitioner demonstrates past persecution, he is presumed to have a well-founded fear of future persecution unless the government can rebut this presumption by showing a fundamental change in circumstances in the country or the ability to avoid future persecution by relocating within the country. 8 C.F.R § 208.13(b)(1). If he cannot show past persecution, then the petitioner must demonstrate a well-founded fear of future persecution that is both subjectively genuine and objectively reasonable. *See Al Najjar*, 257 F.3d at 1289. The subjective component can be proved "by the applicant's credible testimony that he or she genuinely fears persecution," while the objective component "can be fulfilled either by establishing past persecution or that he or she has a good reason to fear future persecution." *Id.* (quotation omitted).

Although the INA does not expressly define "persecution" for purposes of qualifying as a "refugee," *see* INA § 101(a)(42), 8 U.S.C. § 1101(a)(42), we have stated that "persecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation." *Sepulveda v. U. S. Att'y Gen.*, 401 F.3d 1226, 1231 (11th Cir. 2005) (quotations omitted).

The petitioner's well-founded fear of persecution must be on account of, or because of, one of the statutorily listed factors. *See INS v. Elias-Zacarias*, 502 U.S. 478, 482-83, 112 S. Ct. 812, 816, 117 L. Ed. 2d 38 (1992). To establish the

necessary causal connection, the alien must present "specific, detailed facts showing a good reason to fear that he or she will be *singled out* for persecution on account of" a statutorily listed factor. *Sepulveda*, 401 F.3d at 1231 (quotation omitted). Furthermore, we have approved a "country-wide requirement" in which a refugee must first pursue an "internal resettlement alternative" in their own country, or establish that this is not possible, before seeking asylum here. *Mazariegos v. U. S. Att'y Gen.*, 241 F.3d 1320, 1326-27 (11th Cir. 2001).

An alien is entitled to withholding of removal under the INA if he can show that his life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. *Mendoza*, 327 F.3d at 1287; *see also* INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A). The alien bears the burden of demonstrating that it is "more likely than not" that he will be persecuted or tortured upon his return to the country in question. *Fahim*, 278 F.3d at 1218. This is a more stringent burden than for asylum. *Sepulveda*, 401 F.3d at 1232. If the alien establishes past persecution based on a protected ground, there is a rebuttable presumption that his life or freedom would be threatened upon return to his country. *See Mendoza*, 327 F.3d at 1287; *see also* 8 C.F.R..§ 208.16(b)(1)(i). An alien who has not shown past persecution, however, may still be entitled to withholding of removal if he can

demonstrate a future threat to his life or freedom on a protected ground. *See* 8 C.F.R. § 208.16(b)(2). An alien cannot demonstrate that his life or freedom would be threatened if the IJ finds that the alien could avoid a future threat to his life or freedom by relocating to another part of the proposed country of removal and, under all the circumstances, it would be reasonable to expect the applicant to do so. *Id.* § 208.16(b)(2).

To obtain relief under the CAT, the burden is on the applicant to establish that it is "more likely than not" he will be tortured in the country of removal. 8 C.F.R. § 208.16(c)(2); *Sanchez v. U. S. Att'y Gen.*, 392 F.3d 434, 438 (11th Cir. 2004). Torture is defined as:

> any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.

*Id.* § 208.18(a)(1). Because the burden regarding withholding of removal and CAT relief is higher than the asylum standard, a petitioner who fails to establish eligibility for asylum is usually unable to carry the burden regarding withholding

8

of removal and CAT relief.  *See Forgue*, 401 F.3d at 1288 n.4; *Al Najjar*, 257 F.3d at 1303-04.

## II.

After reviewing the record, we conclude that substantial evidence supports the IJ's adverse credibility determination.  Among other things, the record shows that, when Li arrived in the United States, he told the immigration officer that he had practiced Falun Gong about once a week in a remote part of a city park so as not to be detected by the Chinese authorities.  Then, under oath, Li stated in his asylum application and at his removal hearing that he practiced Falun Gong two to three times per week, at night, in a friend's house.  In addition, at his removal hearing, Li testified that he had learned that Falun Gong was a prohibited movement in China in December 2002 when his friend was captured.  When he entered the United States, however, Li told the immigration officer that as early as September 2002 he practiced Falun Gong in a remote part of a park in secrecy so as to avoid police detection.  Li failed explain the discrepancies between these inconsistent claims.

The record also shows that Li gave inconsistent testimony regarding when he left his parents' home for fear of being arrested and jailed; when his friends were captured; whether he continued to practice Falun Gong in the United States; and with whom he came to live in the United States. Moreover, the letter certifying Li's date of birth, place of birth, and identity, was apparently fraudulent because it was notarized in China on April 16, 2003, yet Li had already arrived in the United States by February 16, 2003.

In addition to these inconsistencies, Li did not show much knowledge about the Falun Gong movement. Thus, Li's claim was substantially undercut because there were so many inconsistencies and omissions in the record. *See D-Muhumed*, 388 F.3d at 819. Because Li did not adequately explain the inconsistencies and omissions, the record does not compel a reversal. *See Adefemi*, 386 F.3d at 1027.

As the IJ noted, Li failed to demonstrate that he had personally suffered past persecution, and, in fact, Li admitted the same. Thus, even if Li was found to be credible, there was no other evidence of persecution, and therefore, the IJ's decision is sufficient to support the denial of an asylum. *See Forgue*, 401 F.3d at 1287.

Accordingly, based on the above-mentioned inconsistencies, the record does not compel reversal of the IJ's adverse credibility determination. *See Forgue*, 401

10

F.3d at 1287. Thus, Li failed to carry his burden of establishing past persecution or a well-founded fear of future persecution, which precludes him from being granted asylum. Consequently, Li's withholding of removal and CAT claims also fail, as he did not establish eligibility for asylum, which carries a lower burden of proof. *See Al Najjar*, 257 F.3d at 1292-93; *Sanchez*, 392 F.3d at 438 . For above-stated reasons, we deny Li's petition for review.

**PETITION DENIED.**